Mr. Justice Mac Arthur
delivered the opinion of the court:
We think the ruling of the court below was right. There is no dispute about the right of a landlord to a lien upon his tenant’s chattels unincumbered at the time when placed on the premises, or which, being incumbered at that time, may become free from incumbrance during the tenancy. The furniture was subject to a deed of trust when it was moved upon the premises, and the main question is as to the effect of the second deed upon the landlord’s lien. It is true that a new note given for a former one will not extinguish the indebtedness unless it is received(in payment; and if the transaction here were simply the renewal of the note, it would still he a charge under the deed upon the furniture. But this is not the view in which .the exceptions are presented; for the jury were instructed that if they found from the evidence that the note secured by the first deed of trust was destroyed and a new note given therefor, secured, by a new deed upon the furniture, to a different trustee substituted for the first one, the lien of the new deed of trust, if duly accepted and recorded, took effect from its date only, and that this state of facts would operate to postpone the lien of the' cestui que trust and to let in the landlord’s lien for rent. The ease is not, therefore, that of a note given in renewal for the amount due upon a former one which was secured by a mortgage, but it is the case of a new note secured by an entirely different instrument vesting the title in another party. Whether the original debt was extinguished as between grantor and the cestui que trust, or .whether there was an understanding between them that the new mortgage should stand as security, it cannot affect the rights of the landlord. His lien was undoubtedly postponed to the original security; but when that was removed, his lien was good against all subsequent incumbrances. The action is brought by the new trustee, who certainly can claim no priority except from the date of the deed under which he became a trustee. (See act of Congress of February 22, 1867; Webb v. Sharp, 13 Wall., 15.)
The judgment ought to be affirmed.